**FILED**

**U.S. District Court**
**District of Kansas**

04/28/2026

**Clerk, U.S. District Court**
By: _SND_ **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

KIRK FRANKLIN WILLIAMS-BEY,

        **Petitioner,**

    **v.**                                     **CASE NO. 23-3130-JWL**

CITY OF WICHITA, et al.,

        **Respondents.**

**MEMORANDUM AND ORDER**

This matter began in May 2023 when Petitioner and state prisoner Kirk Franklin Williams-Bey filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) It was dismissed without prejudice and judgment was entered in July 2023 after Petitioner failed to respond to a court order. (Doc. 4.) Petitioner took no further action in this case until April 1, 2026, when he filed a 6-page document titled "Payment Order 4A-103" that purported to transfer $10,000 under the Uniform Commercial Code, or "UCC." (Doc. 6.) The same day, the Honorable John W. Lungstrum, United States District Judge, entered an order stating: "This case was dismissed and judgment was entered on July 10, 2023. Even liberally construed, the present filing is unrelated to the dismissal of this case. The Court will take no further action on the notice and this case shall remain closed." (Doc. 7 (citations omitted).)

On April 2, 2026, Petitioner filed in this case a list of statutes and UCC provisions and three UCC Financing Statements. (Doc. 8.) On April 7, 2026, Petitioner filed in this case 31 additional pages consisting of copies of multiple certified mail receipts, receipts for payment to the United States Postal Service, tracking information for various items, correspondence related to housing assistance for Petitioner, and a March 2026 letter to Petitioner from the Assistant General

1

Counsel for the State of Kansas' Office of Judicial Administration. (Doc. 9.)

Following this filing, Judge Lungstrum issued an order that stated:

> This case was dismissed and judgment has been entered. Generally speaking, therefore, the only documents appropriate for filing in this case are motions directed to the dismissal or filings required to pursue an appeal of the dismissal. Even liberally construed, the documents now filed at Docs. 8 and 9 are unrelated to the dismissal of this case. The Court will take no further action on them and Plaintiff is directed to refrain from filing such documents in this closed case.

(Doc. 10.)

Undeterred, on April 16, 2026, Petitioner filed a 43-page document titled "Notice The Opening," which, among other things, purports to set forth "[t]he local law of KIRK FRANKLIN WILLIAMS" and outlines Petitioner's theories of jurisdiction and security interests. (Doc. 11 (capitalization as in original).) One week later, Petitioner filed in this case a 3-page "Notice [of] Transfer of Funds" that attempts to transfer $120,000,000.00 to a bank account. (Doc. 12.) And on April 27, 2026, Petitioner filed an 8-page document titled "Notice [of] Fed. R. Crim. P. 41" that, liberally construed, appears to set out the way in which Petitioner believes searches and seizures of property should occur. (Doc. 13.)

Even liberally construed, none of Petitioner's three most recent filings acknowledge or address Judge Lungstrum's order that Petitioner cease filing in this case documents unrelated to the July 2023 dismissal of this case. Moreover, none of Petitioner's three most recent filings is a motion directed to the dismissal of this case or an attempt to appeal of the dismissal. It also is noteworthy that the time for filing a notice of appeal has long since passed. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A).

"'Every paper filed with the Clerk of this Court . . . requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.'" *Hamilton v. Wyandotte Cnty. Dist. Ct.*, 2025 WL

1707399, *5 (D. Kan. June 18, 2025) (unpublished) (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)). In addition, "'[t]he right of access to the courts is neither absolute nor unconditional.'" *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (citation omitted). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) (citation omitted).

Utilizing the Court's limited resources to file irrelevant documents in this closed case does not promote the interests of justice. Petitioner's submission of such documents is quickly approaching the level of abusive litigation. Petitioner is therefore cautioned that if he continues to submit inappropriate or irrelevant documents for filing in this closed case, he may be subject to filing restrictions. As Judge Lungstrum previously explained, the only documents appropriate for filing in this case are motions directed to the dismissal or related to filing an appeal.

**IT IS THEREFORE ORDERED THAT** no further action will be taken on the documents (Docs. 11, 12, and 13) filed in this closed case. Petitioner is ordered to cease filing irrelevant documents in this case and is cautioned that if he persists in doing so, he may be subjected to filing restrictions.

**IT IS SO ORDERED.**

DATED:   This 28th day of April, 2026, at Kansas City, Kansas.

S/ James P. O'Hara
JAMES P. O'HARA
United States Magistrate Judge

3